FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN

Page 1 of 9

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**TIEN QUYET LUONG a/k/a TAM THANH TRAN**

Case # 3:04CR54-001/RV
      3:04CR85-001/RV

USM #10089-111

**Defendant's Attorney:**
Sharon Wilson, Esquire
f/k/a Sharon W. Potter (Appointed)
103 West Intendencia Street
Pensacola, FL 32502

## AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts 1 - 73 and 117 in DKT# 3:04CR54/RV of the Indictment on June 29, 2004. The defendant pled guilty to Counts 1, and 3-13 in DKT# 3:04CR85/RV of the Indictment on August 13, 2004. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| **3:05CR54-001** | | | |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | May 4, 2004 | 1 - 73 |
| 18 U.S.C. § 1956(a)(1) and (h) | Conspiracy to Commit Money Laundering | May 4, 2004 | 117 |
| **3:04CR85-001** | | | |
| 18 U.S.C. § 371 and 2 | Conspiracy to Commit Bank Fraud and Aiding and Abetting | September 30, 1998 | 1 |
| 18 U.S.C. § 1344 and 2 | Bank Fraud and Aiding and Abetting | September 10, 1998 | 3 - 13 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

OFFICE OF CLERK
U.S. NORTHERN DIST. FLA.
PENSACOLA, FLA.

2005 MAY 24  PM 3: 49

FILED

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN

Page 2 of 9

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
April 7, 2005

ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE

May 24, 2005

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN

*Page 3 of 9*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **136 months as to DKT #3:04cr54, Counts 1 through 73, and 117, and DKT #3:04cr85, Counts 3 through 13; a term of 60 months is imposed in Count 1 of DKT #3:04cr85, the terms in each count and case are to run concurrent, one with the other.**

The Court recommends to the Bureau of Prisons:

Designation to a Bureau of Prisons facility in the State of California.

Participation in the Bureau of Prisons Drug Residential Drug Treatment Program or similar program as deemed eligible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN

Page 4 of 9

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years as to DKT #3:04cr54, Counts 1 through 73, and in DKT #3:04cr85, Counts 3 through 13; and 3 years as to DKT #3:04cr54, Counts 117, and DKT #3:04cr85, Count 1. The terms in each count and case are to run concurrent, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN

Page 5 of 9

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. As deemed necessary by the Probation Officer, the defendant shall participate in a program of drug treatment which may include testing to determine if the defendant is using drugs, controlled substances or alcohol to excess.

2. As deemed necessary by the Probation Officer, the defendant shall participate in a program of mental health treatment.

3. Any unpaid restitution balance shall become a condition of the defendant's term of supervised release, and the defendant shall make monthly installment payments of not less than $300.00 per month, to commence three months after release from imprisonment.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN

Page 6 of 9

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____  _____
Defendant                                                                          Date

_____  _____
U.S. Probation Officer/Designated Witness                  Date

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN
Page 7 of 9

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $8,600.00 | Waived | $493,986.57 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$8,600.00** is imposed.

## FINE

In the interest of justice, the fine is hereby waived.

## RESTITUTION

Restitution in the amount of **$493,986.57** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| **3:04CR54-001** | | |
| Bank of America<br>Attn: Security, FL 0-800-01-04<br>390 North Orange Avenue<br>Orange Beach, FL 32801 | $80,758.97 | $80,758.97 |

Case 3:04-cr-00054-RV-MD   Document 188   Filed 05/24/05   Page 8 of 9

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN

Page 8 of 9

| | | |
|---|---|---|
| Wachovia Bank<br>Attn: James C. Beeler<br>214 North Hogan Street,<br>FL0140<br>Jacksonville, FL 32202 | $6,946.56 | $6,946.56 |
| Syufy Enterprises<br>Attn: Roy Crumrine<br>150 Pelican Way<br>San Rafael, CA 94901 | $14,064.70 | $14,064.70 |

**3:04CR85-001**

| | | |
|---|---|---|
| Wells Fargo Bank<br>Attn: Carde Byrum<br>Investigations Department<br>MAC 6103-054<br>P.O. Box 5627<br>Portland, OR 97228 | $316,309.92 | $316,309.92 |
| U.S. Bank<br>Corporate Security<br>Investigations<br>Attn: Kelly Hawthorne<br>P.O. Box 40188<br>Portland, OR 97240 | $70,058.86 | $70,058.86 |
| Bank of America<br>Corporate Security<br>CA 57011001<br>1455 Market Street, 10th Floor<br>San Francisco, CA 94103 | $5,847.56 | $5,847.56 |

In the event additional defendants are named or sentenced under this docket number or another docket number in regard to this case, and it is determined those defendants are responsible for restitution to the same victims for the same loss amounts, this defendant shall be jointly and severally liable with those defendants for the common restitution which may be ordered.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

The Court has determined that the defendant does not have the ability to pay interest. It is **ORDERED** that:   In the interest of justice, interest on restitution is hereby waived.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:04CR54-001/RV 3:04CR85-001/RV - TIEN QUYET LUONG a/k/a TAM THANH TRAN

Page 9 of 9

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Breakdown of fine and other criminal penalties is as follows:

**Fine: Waived   SMA: $8,600.00   Restitution: $493,986.57**

The $8,600.00 monetary assessment shall be paid immediately. Any payments of the monetary assessment and fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Any payments of the fine while the defendant is incarcerated shall be voluntary, and are not required.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.